**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| GN PRO GROUP, LLC, an Illinois Limited Liability Company AND GALINA NEDIALKOVA, its sole Member/Manager; <br><br> Plaintiffs, <br><br> v. <br><br> WELL DONE ASAP, LLC, a Pennsylvania Limited Liability Company; JOHN DOE(S), an unidentified individual(s); and JPMORGAN CHASE BANK, N.A., a national association; <br><br> Defendants. | Case No. _____ |

<u>**NOTICE OF REMOVAL**</u>

PLEASE TAKE NOTICE THAT, pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant JPMorgan Chase Bank, N.A. ("Chase"), by and through its undersigned counsel, hereby removes the above-captioned action, *GN Pro Group, LLC and Galina Nedialkova v. Well Done ASAP, LLC, John Doe(s), and JPMorgan Chase Bank, N.A.*, Case No. 2023 L 009928 (the "State Court Action") from the Circuit Court of Cook County, Illinois ("Cook County Circuit Court") to the United States District Court for the Northern District of Illinois, Eastern Division. In support thereof, Chase Bank states the following:

**I.    <u>JURISDICTION</u>**

1.      This Court has original jurisdiction over this Action because it is between "properly joined and served" citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. §§ 1332(a)(1), 1441(b). Further, Chase is not a citizen of Illinois, the state in which the State Court Action is brought. *See* 28 U.S.C. § 1441(b)(2).

**II.    <u>THE REMOVED CASE</u>**

2.      On July 28, 2023, GN Pro Group, LLC ("GN Pro") and Galina Nedialkova ("Nedialkova") (collectively, GN Pro and Nedialkova referred to herein as "Plaintiffs") filed the State Court Action. The State Court Action is a complaint for declaratory judgment and breach of fiduciary duty against Chase; declaratory judgment, fraud, and conversion against Well Done ASAP, LLC; and for fraud and conversion against unnamed John Doe(s), all of which relate to a wire transaction that Plaintiffs were deceived into sending by purported scammers. (See Plaintiffs' Complaint, attached hereto as **Exhibit A**.) Plaintiffs allege they are entitled to more than $149,850.29 from Chase. Chase disputes these allegations.

3.      Plaintiffs served Chase with the Complaint in the State Court Action on November 13, 2023 via U.S. Postal Mail Service.

**III.**    <u>**VENUE**</u>

4.      The Action was filed in Cook County Circuit Court. Venue properly lies in the United States District Court for the Northern District of Illinois, Eastern District pursuant to 28 U.S.C. §§ 93(a)(1) and 1441(a).

**IV.**    <u>**TIMELINESS OF REMOVAL**</u>

5.      A notice of removal shall be filed within thirty (30) days after the receipt from the plaintiff on an initial pleading or other document from which it is ascertainable that the case is removable. 28 U.S.C. §§ 1446(b)(1), (b)(3).

6.      Chase was served a copy of the Complaint on November 13, 2023 via U.S. Postal Mail Service. Therefore, Chase's deadline for timely removal is December 13, 2023 and this Notice is therefore proper.

**V.**    <u>**THE AMOUNT IN CONTROVERSY REQUIREMENT IS MET**</u>

7. The amount in controversy in this action exceeds $75,000, exclusive of interest and costs. *See* 28 U.S.C. § 1332.

8. "A defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Blankenship v. Pushpin Holdings*, No. 14 cv 6636, 2015 U.S. Dist. LEXIS 135944, *17 (N.D. Ill. Oct. 6, 2015) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014)).

9. Chase disputes that it is liable for any damages whatsoever to Plaintiffs. Nevertheless, Chase can demonstrate that the amount in controversy exceeds $75,000. Plaintiffs' Complaint alleges that Chase should be ordered to pay $149,850.29 to Plaintiff. (*See* Ex. A, p. 7.) Plaintiffs seek relief on this basis, among others. Accordingly, the amount in controversy is satisfied.

## VI. <u>COMPLETE DIVERSITY OF CITIZENSHIP EXISTS BETWEEN THE PARTIES</u>

10. Diversity is determined by the citizenship of the parties at the time the complaint is filed and removal effected. *See Graff v. Leslie Hindman Auctioneers, Inc.*, 299 F. Supp. 3d 928, 933 (N.D. Ill. 2017).

11. A national bank is a citizen of only the state in which its main office is located as designated in the bank's articles of association. *See* 28 U.S.C. § 1348; *Wachovia Bank v. Schmidt*, 546 U.S. 303, 306-07 (2006).

12. For diversity jurisdiction purposes, the citizenship of an LLC is the citizenship of each of its members. *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007).

13. Here, Plaintiffs, on the one hand, and Chase and Well Done ASAP, LLC, on the other, are citizens of different states.

14.     Chase is, and was at the time Plaintiffs commenced this Action, a national banking association established and organized under the laws of the United States, with its main office, as designated by its articles of association, in Columbus, Ohio. Accordingly, Chase is a citizen of Ohio for purposes of diversity.

15.     According to the Complaint, GN Pro is an Illinois limited liability company and its sole member, Nedialkova, is an Illinois citizen. (Ex. A, at ¶ 1).

16.     According to the Complaint, Well Done ASAP, LLC is a Pennsylvania limited liability company. (Ex. A, at ¶ 2). Upon information and belief, there are no members of Well Done ASAP, LLC who are citizens of Illinois.

17.     Therefore, there is complete diversity of citizenship between Plaintiffs and Chase and Well Done ASAP, LLC.

**VII.     <u>COMPLIANCE WITH STATUTORY REQUIREMENTS</u>**

18.     Pursuant to 28 U.S.C. § 1446(d), a true and correct copy of this Notice of Removal will be filed with the Cook County Circuit Court promptly after filing the same in this Court.

19.     Pursuant to 28 U.S.C. § 1446(d), written notice of filing this Notice of Removal will be served on all adverse parties promptly after the filing of the same in this Court.

**VIII.     <u>RESERVATION OF RIGHTS AND DEFENSES</u>**

20.     By filing this Notice of Removal, Chase does not waive any defenses that may be available to it and reserves all such defenses. In addition, Chase does not concede that Plaintiffs have stated any claim upon which relief may be granted, or that Plaintiffs are entitled to any relief of any nature.

**IX.     <u>CONCLUSION</u>**

21.     The Action may be removed to this Court by Chase in accordance with the provisions of 28 U.S.C. § 1441 because: (i) this action is a civil action pending within the jurisdiction of the United States Court for the Northern District of Illinois, (ii) the action is between citizens of different states, (iii) Chase and Well Done ASAP, LLC are not citizens of the state in which such action is brought, and (iv) the amount in controversy exceeds $75,000, exclusive of interest and costs. The undersigned counsel for Chase has read the foregoing and signs the Notice of Removal pursuant to Rule 11 of the Federal Rules of Civil Procedure, as required by 28 U.S.C. 1446(a).

Dated: December 13, 2023                    Respectfully submitted,

                                             */s/ Christopher A. Mair*
                                            Paul J. Ferak
                                            Christopher A. Mair
                                            **GREENBERG TRAURIG, LLP**
                                            77 West Wacker Drive, Suite 3100
                                            Chicago, Illinois 60601
                                            Tel: (312) 456-8400
                                            Fax: (312) 456-8435
                                            Email: ferakp@gtlaw.com
                                            Email: mairc@gtlaw.com

                                            *Attorneys for JPMorgan Chase Bank, N.A.*

## **CERTIFICATE OF SERVICE**

I, Christopher A. Mair, an attorney, hereby certify that on December 13, 2023, I caused the foregoing **Notice of Removal** to be served on the individuals listed below by placing a true and correct copy in an envelope, with proper First Class postage pre-paid, addressed to:

> Nathan Hakimi
> Hakimi Law LLC
> 166 W. Washington Street, #400
> Chicago, Illinois 60602

And depositing same in the U.S. Mail at 77 West Wacker Drive, Chicago, Illinois, 60601, before the hour of 5:00 p.m. and by electronic mail:

> nathan@hakimi.law

*/s/ Christopher A. Mair*

# Exhibit A

FILED
9/28/2023 2:04 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L009928
Calendar, T

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| GN PRO GROUP, LLC, an Illinois Limited Liability Company; GALINA NEDIALKOVA, its sole Member/Manager; | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) ) | |
| WELL DONE ASAP, LLC, a Pennsylvania Limited Liability Company; JOHN DOE(S), an unidentified individual(s); JPMORGAN CHASE BANK, N.A., a national association; | ) ) ) ) ) | |
| Defendants. | ) | |

## COMPLAINT AT LAW

### I.    Parties, Jurisdiction, & Venue

1. Plaintiff, GN PRO GROUP, LLC, ("GN PRO") is an Illinois entity whose principal place of business is in Prospect Heights, IL. (Ex. A – GN Pro Group Ill. LLC Report.). Its sole Member/Member, GALINA NEDIALKOVA, is an adult resident of Cook County, IL.

2. Defendant, WELL DONE ASAP, LLC ("WELL DONE"), is a Pennsylvania limited liability company with a principal place of business at 4461 Nelson Run Rd, Pittsburgh, PA 15214. (Ex. B – Well Done ASAP Penn. LLC Report).

3. Defendant(s) JOHN DOE(S) ("DOES") is (an) unidentified individual(s), location unknown, who perpetrated a wire transfer scheme against Plaintiffs GN PRO and NEDIALKOVA, by inducing Plaintiffs to redirect a wire transfer into account(s) held by WELL DONE.

4. Defendant, JPMORGAN CHASE BANK, N.A. ("JPMC"), is a global bank with branches in Cook County, Illinois. The branch with which Plaintiffs dealt at all times, is located at 1190 Elmhurst Rd, Mt. Prospect, IL 60056.

FILED DATE: 9/28/2023 2:04 PM  2023L009928

FILED DATE: 9/28/2023 2:04 PM  2023L009928

## II.    Facts

5.    Plaintiff, GN PRO GROUP LLC, is an entity solely owned and managed by Plaintiff, NEDIALKOVA. (Ex. A). Its purpose is to acquire and invest in real estate. NEDIALKOVA also co-owns and manages an entity named Viga Chicago LLC ("VIGA"), which invests in and acquires real estate. (Ex. C – Viga Ill. LLC Report)

6.    On or about April 2019, the entity VIGA went under contract to purchase a certain real property known as 760 W Dempster St. #208, Mount Prospect, IL 60056, a condominium unit. The purpose was investment, to be conducted in cash for $149,850.29. (Ex. D – Contract).

7.    For this transaction, Plaintiff worked with real estate firm Migdal and Associates, Ltd. The firm communicated with Plaintiff NEDIALKOVA through paralegal "Liliana Medina," under email "skokielawoffice@gmail.com." (Ex. E – Emails from Migdal).

8.    On or about 4/17/19, the paralegal L. Medina emailed Plaintiff the (genuine) wiring instructions for the closing, to be sent to Independent Escrow Services, at account x0024. (Ex. F – Genuine Instructions). Closing was scheduled for April 19th. (Ex. C)

9.    On or about 4/19/19, Plaintiff received another email, from the address "skokielawooffice@gmail.com" (slightly altered to imitate paralegal's real email address), named after the identity "Liliana Medina." It contained a "corrected" wire instruction, resembling the genuine ones, directed to account x1895, designed like the recipient identity "Independent Escrow Services." (Ex. G – Fraud Email/Wire Instructions).

10.    On the basis of these fake "wire instructions" received from DOE(S), NEDIALKOVA wired $149,850.29 from the accounts of GN PRO GROUP LLC, as held at her company's bank, the Defendant JPMC, and had them sent to the (unknowingly) fraudulent account, x1895, which she believed to be that of Independent Escrow.

2

FILED DATE: 9/28/2023 2:04 PM   2023L009928

11. NEDIALKOVA performed this transaction at JPMC branch in Mt. Prospect, with a teller. She gave them wire instructions and specified the beneficiary was "Independent Escrow Services Corp." The JPMC employee completed the transfer, without verifying the beneficiary; and unbeknownst to Plaintiffs, the wire recipient was not Independent Escrow, but rather, WELL DONE ASAP, a Pennsylvania LLC, whose accounts were later found to also be held with the same bank, Defendant JPMC. (Ex. H – FedWire Report).

12. On or about 4/21/19, Plaintiff discovered that her wire had not been successfully transferred to the escrow company, which reported to Plaintiff's lawyer the funds were not received. Plaintiff went to the JPMC branch and found out the recipient was not really the escrow company, but rather the Account x1895 actually belonged to Defendant, WELL DONE ASAP LLC, a Pennsylvania entity having nothing to do with the transaction.

13. By the time Plaintiff became aware of the mistake, the Defendant JPMC, informed Plaintiffs that funds in the fraudulent beneficiary account x1895 had already been withdrawn in the amount of $100,000, and that it was too late to reverse the wire transaction.

14. On information and belief, Plaintiff's funds, in the amount of $49,850.29 still reside in account of Defendant, WELL DONE ASAP, which account is held with Defendant bank JPMC. On information and belief, this account x1895 is being held by JPMC under freeze to this day.

15. On information and belief, said funds of $49,850.29 have not been approved for release by the Defendant, JPMC, to Plaintiffs, unless there is a further Court order instructing the bank to release the funds and return them to Plaintiffs GN PRO GROUP / NEDIALKOVA, the rightful owner(s) of said property.

16. FBI investigation #JPM210427-007840 has been underway since 2019, but has yet remained inactive, nonresponsive, and/or unsuccessful.

## COUNT I – FRAUD/CONVERSION
### (Plaintiffs v. John Doe(s))

17.   The previous allegations are re-incorporated herein.

18.   DOE(s) acted intentionally and maliciously to defraud Plaintiff by imitating a title company email sender and thus diverting her wire transfer to an undeserving beneficiary. The current identity of DOE(s) is unknown and further discovery is needed to ascertain their identity.

19.   The DOE(s) scam artists appropriated funds belonging to Plaintiff and have already withdrawn sums of $100,000.00 to benefit unjustly from the converted and misdirected funds.

20.   The DOE(s), if identified, should be entered judgment and ordered to pay full restitution, costs, interest, fees, and punitive damages for the malicious and intentional torts of fraudulent wire transfer misdirection and conversion that have been committed.

WHEREAS, Plaintiffs, GN PRO GROUP LLC and GALINA NEDIALKOVA, requests this Court to enter judgment in the amount of $149,850.29 against Defendant DOE(S) as well as punitive damages, attorney's fees, costs, and interest.

## COUNT II – VICARIOUS LIABILITY – FRAUD/CONVERSION
### (Plaintiffs v. Well Done ASAP, LLC)

21.   Previous allegations are incorporated herein by reference.

22.   The fraudulent wire transfer scheme was carried out by culprit JOHN DOE(S), but the funds were instructed to be deposited into account(s) belonging to Defendant WELL DONE ASAP LLC, a Pennsylvania Limited Liability Corporation.

23.   By receiving funds fraudulently, Defendant WELL DONE ASAP participated in the perpetuation of a wire transfer fraud scheme by Defendants JOHN DOE(S).

24.   WELL DONE ASAP LLC is liable for the full amount of that which was stolen, defrauded, and converted from the Plaintiff in the full amount of not only that balance of

4

FILED DATE: 9/28/2023 2:04 PM   2023L009928

FILED DATE: 9/28/2023 2:04 PM 2023L009928

$49,850.29 which remains in its accounts, but for the full amount of $100,000 which already was withdrawn.

25.     Defendant JPMC must be directed to release an amount from the accounts held in its deposits by WELL DONE ASAP LLC to satisfy a full amount of the outstanding judgment to make Plaintiff GN PRO GROUP whole from the fraudulent transfer scheme, plus punitive damages, interest, fees, and costs.

26.     At minimum, WELL DONE ASAP and JPMC must be ordered to disgorge the $49,850.29 which remains in WELL DONE's frozen accounts following the fraud transaction.

WHEREFORE, Plaintiffs, GN PRO GROUP LLC and GALINA NEDIALKOVA, pray this Court enter judgment against Defendant WELL DONE ASAP, LLC for the full amount of $149,850.29, or at minimum the remainder of $49,850.29, plus fees, costs, and interest.

COUNT III – DECLARATORY RELIEF
(Plaintiffs v. JPMorgan Chase Bank, N.A./Well Done ASAP)

27.     All previous allegations are re-alleged herein by reference.

28.     After the wire transfer was revealed to be fraudulent, it was found that the misdirected beneficiary account was titled to Pennsylvania entity, "WELL DONE ASAP, LLC."

29.     The account of WELL DONE, x1895, into which the funds were fraudulently misdirected by JOHN DOE(S), are held by domiciliary bank, Defendant JPMC. (Ex. H).

30.     On information and belief, funds in the sum of $100,000 were withdrawn from the accounts of WELL DONE shortly after consummation of the fraudulent transfer. On information and belief, Defendant JPMC states these cannot be retrieved.

31.     The balance of funds induced by JOHN DOE(S) to be wired to WELL DONE, on information and belief, $49,850.29, still reside in account x1895 of WELL DONE, to this day.

FILED DATE: 9/28/2023 2:04 PM   2023L009928

32. On information and belief, the Defendant, JPMC, holds account x1895 of WELL DONE, and is holding said account(s) under freeze absent the authority of a Court Order to restore the balance to Plaintiffs.

33. Declaratory Judgment, ordering the remainder of the transfer currently frozen and sitting in the WELL DONE ASAP LLC account x1895, must be entered declaring that said funds, to wit $49,850.29, is rightfully the property of Plaintiffs, and ordering the Defendat JPMC to release and restore said funds to Plaintiffs.

WHEREFORE, the Plaintiffs, GN PRO GROUP LLC and GALINA NEDIALKOVA, pray this Honorable Court enter declaratory judgment against JPMC and WELL DONE, that the balance of funds ($49,850.29) held in account x1895 at Defendant JPMC, are property of Plaintiffs, and ordering Defendant JPMC to release said funds to Plaintiffs, plus costs.

<u>COUNT IV – BREACH OF FIDUCIARY DUTY</u>
<u>(Plaintiff v. JPMorgan Chase Bank, N.A.)</u>

34. Defendant JPMC had sufficient information when it sent the fraudulent wire transfer, to have known that instructions given to Plaintiff had been false, when Plaintiff entered a JPMC branch instructing the teller to direct $149,850.29 to account x1895 for a real estate closing.

35. Plaintiff specifically instructed Defendant JPMC's agents, employees, and servants at said time, that said funds were intended to go to "Independent Escrow Services."

36. The account x1895 to which the funds were transferred, at routing number 707901895, were directed to accounts held in Chase Bank in Ohio. (Ex. E – FedWire).

37. The account x1895 does not belong to "Independent Escrow Services," but rather a Pennsylvania entity, namely Defendant WELL DONE ASAP LLC.

38. JPMC had the power and the duty to verify the recipient of the wire transaction against its own internal records of the beneficiary account.

6

39.     JPMC owed a fiduciary duty to Plaintiffs as her / her entity's banking partner charged with carrying out transactions on her behalf, especially for such a large sum.

40.     Had JPMC conducted appropriate diligence in satisfaction of its duty to Plaintiff as a customer making a wire transfer ostensibly to an escrow company for a real estate transaction, the fraudulent misdirection of funds could have been avoided.

41.     JPMC breached its duty when it, by and through officers or agents, failed to conduct adequate diligence to verify the intended beneficiary name against the name of the account holder on the wire instructions.

WHEREFORE, Plaintiff, GN PRO GROUP LLC, prays, in the alternative, that if full amount of judgment may not be satisfied through Defendants DOE(S) or WELL DONE, in the amount of $149,850.29, plus punitive damages, fees, interest, and costs, that Defendant JPMC be ordered to restore the remainder of the stolen funds itself, on account of its failure to satisfy duties as a fiduciary to Plaintiffs in the failed transaction(s).

Respectfully Submitted,

Nathan Hakimi, Esq.

HAKIMI LAW LLC
*Attorney for Plaintiff*
166 W Washington St. #400
Chicago, IL 60602
(312) 702-0068
nathan@hakimi.law
#63349

7

FILED DATE: 9/28/2023 2:04 PM   2023L009928

IN THE CIRCUIT COURT OF COOK COUNTY
COUNTY DEPARTMENT, LAW DIVISION

| | | |
|---|---|---|
| GN PRO GROUP, LLC, and GALINA NEDIALKOVA, | ) ) | |
| Plaintiffs, | ) ) | Case No. |
| v. | ) ) ) | |
| WELL DONE ASAP, LLC, JOHN DOE(S), and JPMORGAN CHASE BANK, N.A., | ) ) ) | |
| Defendants. | ) ) | |

## AFFIDAVIT

Pursuant to Supreme Court Rule 222(b), the below-signed certifies that Plaintiff seeks money damages that exceed Fifty Thousand and 00/100 Dollars ($50,000.00).

By: _____
Nathan Hakimi, Esq.

## JURY DEMAND

The Plaintiffs in the above entitled cause, demand a jury for trial of said cause, and this matter should be tried by a jury of six.

By: _____
Nathan Hakimi, Esq.

## CERTIFICATION

Under penalties as provided by law pursuant to Section 1-109 of the Code of Civil Procedure, the undersigned certifies that the statements set forth in this instrument are true and correct.

By: _____
Nathan Hakimi, Esq.

HAKIMI LAW LLC (*for Pltfs.*)
166 W Washington St. #400
Chicago, IL 60602
(312) 702-0068
nathan@hakimi.law
#63349

8

Law Division Motion Section Initial Case Management Dates for CALENDARS (A,B,C,D,E,F,H,R,X,Z) will be heard In Person.
All other Law Division Initial Case Management Dates will be heard via Zoom
For more information and Zoom Meeting IDs go to https://www.cookcountycourt,org/HOME?Zoom-Links?Agg4906_SelectTab/12
Court Date: 11/30/2023 9:30 AM

FILED
9/28/2023 2:04 PM
IRIS Y. MARTINEZ
CIRCUIT CLERK
COOK COUNTY, IL
2023L009928
Calendar, T
24572084

# CIRCUIT COURT OF COOK COUNTY

## LAW DIVISON

GN PRO GROUP LLC & GALINA
NEDIALKOVA,

        Plaintiffs,

v.

WELL DONE ASAP LLC, JOHN DOE(S), &
JPMORGAN CHASE BANK N.A.,

        Defendants

# EXHIBITS

## to the Complaint

FILED DATE: 9/28/2023 2:04 PM  2023L009928

FILED DATE: 9/28/2023 2:04 PM   2023L009928

# EXHIBIT A:

# GN Pro Group LLC
# Illinois LLC Report

Form **LLC-50.1**

Secretary of State
Department of Business Services
Limited Liability Division
501 S. Second St., Rm. 351
Springfield, IL 62756
217-524-8008
www.ilsos.gov

Illinois
**Limited Liability Company Act**
**Annual Report**

| | |
|---|---|
| Filing Fee: | 75.00 |
| Series Fee, if required: | |
| Penalty: | 0.00 |
| Total: | 75.00 |

FILE # 07638183

Due prior to: 03/01/2023

**FILED**

**February 2, 2023**

**Alexi Giannoulias
Secretary of State**

FILED DATE: 9/28/2023 2:04 PM   2023L009928

1. Limited Liability Company Name: GN PRO GROUP LLC

   Registered Agent: GALINA PEEVA NEDIALKOVA

   105 S SCHOOL LN

   PROSPECT HEIGHTS, IL 60070-2550

2. State or Country of Organization: IL     Date Organized in or Admitted to Illinois: 03/05/2019

3. Address of Principal Place of Business:
   105 S SCHOOL LN          PROSPECT HEIGHTS, IL 60070

4. Name and business address of all managers and any member having the authority of manager:
   NEDIALKOVA, GALINA PEEVA
   105 S SCHOOL LN          PROSPECT HEIGHTS, IL 60070

5. Entity managers affirm their current existence.

6. Changes to the registered agent and/or registered office must be submitted on Form LLC-1.36/1.37.

7. I affirm, under penalties of perjury, having authority to sign thereto, that this Annual Report is to the best of my knowledge and belief, true, correct and complete.

Dated: February 2 , 2023
          Month/Day         Year

NEDIALKOVA, GALINA PEEVA
                        Name

MANAGER
                        Title

If applicant is a company or other entity, state Name of Company

This document was generated electronically at www.ilsos.gov. Based on version LLC 23.11

FILED DATE: 9/28/2023 2:04 PM   2023L009928

# EXHIBIT B:

# Well Done ASAP LLC Pennsylvania LLC Report

Entity# : 7207708
Date Filed : 02/02/2021
Pennsylvania Department of State

**PENNSYLVANIA DEPARTMENT OF STATE**
**BUREAU OF CORPORATIONS AND CHARITABLE ORGANIZATIONS**

FILED DATE: 9/28/2023 2:04 PM   2023L009928

☐ **Return document by mail to:**

Banessa Alvarez
_Name_
3 Greenway Plaza #1320.
_Address_

| Houston | TX | 77046 |
|---|---|---|
| City | State | Zip Code |

☐ **Return document by email to:** _____

**Certificate of Organization Domestic Limited Liability Company**
DSCB:15-8821(rev. 2/2017)

|||||||||||  8821

Read all instructions prior to completing. This form may be submitted online at https://www.corporations.pa.gov/.

**Fee: $125.00**      ☐ I qualify for a veteran/reservist-owned small business fee exemption (see instructions)

In compliance with the requirements of 15 Pa.C.S. § 8821 (relating to certificate of organization), the undersigned desiring to organize a limited liability company, hereby certifies that:

1.  The name of the limited liability company (designator is required, i.e., "company", "limited" or "limited liability company" or abbreviation):
    **WELL DONE ASAP LLC**

2.  *Complete part (a) or (b) – not both:*

    (a) The address of the limited liability company's initial registered office in this Commonwealth is:

    *(post office box alone is not acceptable)*

    | 4461 Nelson Run Rd | Pittsburgh | PA | 15214 | Allegheny |
    |---|---|---|---|---|
    | Number and Street | City | State | Zip | County |

    (b) name of its commercial registered office provider and the county of venue is:

    c/o:

    | Name of Commercial Registered Office Provider | County |
    |---|---|

3.  The name of each organizer is (all organizers must sign on page 2):

    | Name | Address |
    |---|---|
    | Sonia Becerra | 3 Greenway Plaza #1320 , Houston , Out Of State , TX , United States , 77046 |

4.  Effective date of Statement of Registration (check, and if appropriate complete, one of the following):

    ☒ The Certification of organization shall be effective upon filing in the Dept of State.

    ☐ The Certification of organization shall be effective on: _____ at _____
                                             Date(MM/DD/YYYY)        Hour (if any)

**PENN File: February 2, 2021**

DSCB: 15-8821-2

FILED DATE: 9/28/2023 2:04 PM   2023L009928

5.   **Restricted professional companies only.**

*Check the box if the limited liability company is organized to render a restricted professional service and check the type of restricted professional service(s).*

☐ The company is a restricted professional company organized to render the following restricted professional service(s):

☐ Chiropractic

☐ Dentistry

☐ Law

☐ Medicine and surgery

☐ Optometry

☐ Osteopathic medicine and surgery

☐ Podiatric medicine

☐ Public accounting

☐ Psychology

☐ Veterinary medicine

6.   **Benefit companies only.**

*Check the box immediately below if the limited liability company is organized as a benefit company:*

☐ This limited liability company shall have the purpose of creating general public benefit

Optional specific public benefit purpose.*Check the box immediately below if the benefit company is organized to have one or more specific public benefits and supply the specific public benefit(s).*
*See instructions for examples of specific public benefit.*

☐ This limited liability company shall have the purpose of creating the enumerated specific public benefit(s):

_____

_____

_____

7.   **For additional provisions of the certificate, if any, attach an 8½ x 11 sheet.**

IN TESTIMONY WHEREOF, the organizer(s) has (have) signed this Certificate of Organization this 02 day of February , 2021 .


Sonia Becerra
_____
Signature

FILED DATE: 9/28/2023 2:04 PM    2023L009928

# EXHIBIT C:

# Vigo Chicago LLC
# Illinois LLC Report

| Form **LLC-50.1** | Illinois<br>Limited Liability Company Act<br>**Annual Report** | **FILE #** 06248683<br>**Due prior to:** 03/01/2023 |
|---|---|---|

Secretary of State
Department of Business Services
Limited Liability Division
501 S. Second St., Rm. 351
Springfield, IL 62756
217-524-8008
www.ilsos.gov

| Filing Fee: | 75.00 |
|---|---|
| Series Fee, if required: | |
| Penalty: | 0.00 |
| Total: | 75.00 |

**FILED**

**February 2, 2023**

**Alexi Giannoulias
Secretary of State**

FILED DATE: 9/28/2023 2:04 PM    2023L009928

1. Limited Liability Company Name: VIGA CHICAGO LLC

   Registered Agent: GALINA PEEVA NEDIALKOVA

   9 S ELMHURST RD UNIT 101

   PROSPECT HEIGHTS, IL 60070-7902

2. State or Country of Organization: IL        Date Organized in or Admitted to Illinois: 03/30/2017

3. Address of Principal Place of Business:

   105 S SCHOOL LN        PROSPECT HEIGHTS, IL 60070

4. Name and business address of all managers and any member having the authority of manager:

   PEEVA NEDIALKOVA, GALINA
   105 S SCHOOL LN        PROSPECT HEIGHTS, IL 60070
   YORDANOV PAVLOV, VLADIMIR
   105 S SCHOOL LN        PROSPECT HEIGHTS, IL 60070

5. Entity managers affirm their current existence.

6. Changes to the registered agent and/or registered office must be submitted on Form LLC-1.36/1.37.

7. I affirm, under penalties of perjury, having authority to sign thereto, that this Annual Report is to the best of my knowledge and belief, true, correct and complete.

   Dated:     February 2                ,     2023
                      Month/Day                      Year

   YORDANOV PAVLOV, VLADIMIR
   _____
                          Name

   MANAGER
   _____
                          Title

   _____
   If applicant is a company or other entity, state Name of Company

   This document was generated electronically at www.ilsos.gov. Based on version LLC 23.11

FILED DATE: 9/28/2023 2:04 PM   2023L009928

# EXHIBIT D:

# Original Real Estate Contract (Excerpt)


REALTOR

## MULTI-BOARD RESIDENTIAL REAL ESTATE CONTRACT 7.0



FILED DATE: 9/28/2023 2:04 PM  2023L009928

1 **1. THE PARTIES:** Buyer and Seller are hereinafter referred to as the "Parties."
2 Buyer Name(s) *[PLEASE PRINT]* <u>Viga Chicago LLC</u>
3 Seller Name(s) *[PLEASE PRINT]*
4 **If Dual Agency applies, check here ☐ and complete Optional Paragraph 29.**

5 **2. THE REAL ESTATE:** Real Estate is defined as the property, all improvements, the fixtures and Personal Property
6 included therein. Seller agrees to convey to Buyer or to Buyer's designated grantee, the Real Estate with
7 approximate lot size or acreage of <u>common grounds</u> commonly known as:
8 <u>760 West Dempster Street, unit 208</u>          <u>Mount Prospect</u>          <u>IL, 60056</u>          <u>Cook</u>
9 Address          Unit # (If applicable)          City          State          Zip          County
10 Permanent Index Number(s): <u>08-14-302-018-1208</u>          ☑ Single Family Attached ☐ Single Family Detached ☐ Multi-Unit
11 **If Designated Parking is Included:** # of space(s) _____; identified as space(s) # _____; location _____
12 *[CHECK TYPE]* ☐ deeded space, PIN: _____          ☐ limited common element ☐ assigned space.
13 **If Designated Storage Is Included:** # of space(s) _____; identified as space(s) # _____; location _____
14 *[CHECK TYPE]* ☐ deeded space, PIN: _____          ☐ limited common element ☐ assigned space.

15 **3. FIXTURES AND PERSONAL PROPERTY AT NO ADDED VALUE:** All of the fixtures and included Personal Property
16 are owned by Seller and to Seller's knowledge are in operating condition on Date of Acceptance, unless otherwise
17 stated herein. Seller agrees to transfer to Buyer all fixtures, all heating, electrical, plumbing, and well systems
18 together with the following items as stated herein by Bill of Sale at Closing *[CHECK OR ENUMERATE APPLICABLE ITEMS]:*

19 x Refrigerator          ____ Wine/Beverage Refrigerator          x Light Fixtures, as they exist          x Fireplace Gas Log(s)
20 x Oven/Range/Stove          ____ Sump Pump(s)          x Built-in or attached shelving          x Smoke Detectors
21 x Microwave          ____ Water Softener (unless rented) x All Window Treatments & Hardware          x Carbon Monoxide Detectors
22 ____ Dishwasher          ____ Central Air Conditioning          ____ Satellite Dish          ____ Invisible Fence System, Collar & Box
23 ____ Garbage Disposal          ____ Central Humidifier          ____ Wall Mounted Brackets (AV/TV)          ____ Garage Door Opener(s)
24 ____ Trash Compactor          ____ Central Vac & Equipment          ____ Security System(s) (unless rented)          with all Transmitters
25 x Washer          ____ All Tacked Down Carpeting          ____ Intercom System          ____ Outdoor Shed
26 x Dryer          x Existing Storms & Screens          ____ Electronic or Media Air Filter(s)          ____ Outdoor Playset(s)
27 ____ Attached Gas Grill          x Window Air Conditioner(s)          ____ Backup Generator System          ____ Planted Vegetation
28 ____ Water Heater          x Ceiling Fan(s)          ____ Fireplace Screens/Doors/Grates          ____ Hardscape
29 **Other Items Included at No Added Value:** _____
30 **Items Not Included:** _____
31 Seller warrants to Buyer that all fixtures, systems and Personal Property included in this Contract shall be in
32 operating condition at Possession except: _____.
33 A system or item shall be deemed to be in operating condition if it performs the function for which it is intended,
34 regardless of age, and does not constitute a threat to health or safety.
35 **If Home Warranty applies, check here ☐ and complete Optional Paragraph 32.**

36 **4. PURCHASE PRICE AND PAYMENT:** The Purchase Price is $ <u>149,900</u>. After the payment of Earnest
37 Money as provided below, the balance of the Purchase Price, as adjusted by prorations, shall be paid at Closing in
38 "Good Funds" as defined by law.

39          a) **CREDIT AT CLOSING:** *[IF APPLICABLE]* Provided Buyer's lender permits such credit to show on the final
40          settlement statement or lender's closing disclosure, **and if not, such lesser amount as the lender permits,** Seller
41          agrees to credit $ <u>NA</u> to Buyer at Closing to be applied to prepaid expenses, closing costs or both.
42          b) **EARNEST MONEY:** Earnest Money of $ <u>2000</u> shall be tendered to Escrowee on or before <u>2</u>
43          Business Days after Date of Acceptance. Additional Earnest Money, if any, of $ <u>NA</u> shall be tendered
44          by <u>NA</u>. Earnest Money shall be held in trust for the mutual benefit of the Parties by

Buyer Initial _____   Buyer Initial _____          Seller Initial _____   Seller Initial _____
*Address:* <u>760 West Dempster Street, Unit 208D, Mount Prospect, IL 60056</u>          *v7.0*
*Page 1 of 13*

45 [CHECK ONE]: ☐ Seller's Brokerage; ☑ Buyer's Brokerage; ☐ As otherwise agreed by the Parties, as "Escrowee."
46 In the event the Contract is declared null and void or is terminated, Earnest Money shall be disbursed pursuant to Paragraph 26.
47 c) **BALANCE DUE AT CLOSING:** The Balance Due at Closing shall be the Purchase Price, plus or minus
48 prorations, less Earnest Money paid, less any credits at Closing, and shall be payable in Good Funds at Closing.

49 **5. CLOSING:** Closing shall be on 04/19/2021_____ or at such time as mutually agreed by the Parties in
50 writing. Closing shall take place at the escrow office of the title insurance company, its underwriter, or its issuing
51 agent that will issue the Owner's Policy of Title Insurance, whichever is situated nearest the Real Estate.

52 **6. POSSESSION:** Unless otherwise provided in Optional Paragraph 35, Seller shall deliver possession to Buyer at
53 Closing. Possession shall be deemed to have been delivered when Seller and all occupants (if any) have vacated
54 the Real Estate and delivered keys to the Real Estate to Buyer or to the office of the Seller's Brokerage.

55 **7. FINANCING:** [INITIAL ONLY ONE OF THE FOLLOWING SUBPARAGRAPHS a, b, or c]
56 [    |    |    |    ]a) **LOAN CONTINGENCY:** Not later than **forty-five (45) days after Date of Acceptance or five**
57 **(5) Business Days prior to the date of Closing,** whichever is earlier, ("Loan Contingency Date") Buyer shall
58 provide written evidence from Buyer's licensed lending institution confirming that Buyer has received loan
59 approval subject only to "at close" conditions, matters of title, survey, and matters within Buyer's control for a loan
60 as follows: [CHECK ONE] ☐ fixed; ☐ adjustable; [CHECK ONE] ☐ conventional; ☐ FHA; ☐ VA; ☐ USDA;
61 ☐ other_____ loan for_____% of the Purchase Price, plus private mortgage insurance (PMI),
62 if required, with an interest rate (initial rate if an adjustable rate mortgage used) not to exceed _____% per annum,
63 amortized over not less than_____years. Buyer shall pay discount points not to exceed _____% of the loan amount.
64 Buyer shall pay origination fee(s), closing costs charged by lender, and title company escrow closing fees.

65 If Buyer, having applied for the loan specified above, is unable to provide such loan approval and serves Notice to
66 Seller not later than the Loan Contingency Date, this Contract shall be null and void. If Buyer is unable to provide
67 such written evidence not later than the date specified herein or by any extension date agreed to by the Parties,
68 Seller shall have the option of declaring this Contract terminated by giving Notice to Buyer. If prior to the Seller
69 serving such Notice to terminate, Buyer provides written evidence of such loan approval, this Contract shall remain
70 in full force and effect.

71 Upon the expiration of ten (10) Business Days after Date of Acceptance, if Buyer has failed to make a loan
72 application and pay all fees required for such application to proceed and the appraisal to be performed, Seller shall
73 have the option to declare this Contract terminated by giving Notice to Buyer not later than five (5) Business Days
74 thereafter or any extension thereof agreed to by the Parties in writing.

75 **A Party causing delay in the loan approval process shall not have the right to terminate under this**
76 **subparagraph. In the event neither Party elects to declare this Contract terminated as specified above, or as**
77 **otherwise agreed, then this Contract shall continue in full force and effect without any loan contingencies.**

78 **Unless otherwise provided in Paragraph 30, this Contract is not contingent upon the sale and/or closing of**
79 **Buyer's existing real estate.** Buyer shall be deemed to have satisfied the financing conditions of this subparagraph
80 if Buyer obtains a loan approval in accordance with the terms of this subparagraph even though the loan is
81 conditioned on the sale and/or closing of Buyer's existing real estate.

82 If Buyer is seeking FHA, VA, or USDA financing, **required amendments and disclosures shall be attached to this**
83 **Contract. If VA,** the Funding Fee, or if FHA, the Mortgage Insurance Premium (MIP), shall be paid by Buyer.

84 [ _GN_ | _HJDS_ ]b) **CASH TRANSACTION WITH NO MORTGAGE:** [ALL CASH] If this selection is made, Buyer will pay
85 at closing, in the form of "Good Funds," the Balance Due at Closing. Buyer represents to Seller, as of the Date of Offer,
86 that Buyer has sufficient funds available to satisfy the provisions of this subparagraph. Buyer agrees to verify the above
87 representation upon the reasonable request of Seller and to authorize the disclosure of such financial information to
88 Seller, Seller's attorney or Seller's broker that may be reasonably necessary to prove the availability of sufficient funds

*Buyer Initial* [_GN_] *Buyer Initial* [    ]                    *Seller Initial* [_W_] *Seller Initial* [_D.S._]
*Address:* 760 West Dempster Street, Unit 208D, Mount Prospect, IL 60056                                            v7.0
*Page 2 of 13*

513 THE PARTIES ACKNOWLEDGE THAT THIS CONTRACT SHALL BE GOVERNED BY THE LAWS OF THE STATE OF ILLINOIS AND IS SUBJECT TO THE
514 COVENANT OF GOOD FAITH AND FAIR DEALING IMPLIED IN ALL ILLINOIS CONTRACTS.

515 THIS DOCUMENT WILL BECOME A LEGALLY BINDING CONTRACT WHEN SIGNED BY ALL PARTIES AND DELIVERED TO THE PARTIES OR THEIR AGENTS.

516 THE PARTIES REPRESENT THAT THE TEXT OF THIS COPYRIGHTED FORM HAS NOT BEEN ALTERED AND IS IDENTICAL TO THE OFFICIAL MULTI-
517 BOARD RESIDENTIAL REAL ESTATE CONTRACT 7.0.

518 03/17/2021

| 519 Date of Offer | DATE OF ACCEPTANCE |
|---|---|
| 520 *Viga Chicago LLP* | S I. Vadhran. |
| 521 Buyer Signature | Seller Signature |
| 522 | D. S. Vadhrang. |
| 523 Buyer Signature | Seller Signature |
| 524 **Viga Chicago LLC** | **DAKSHA INVESTMENT LLC** (SATISH & DAKSHA VADHUVANA) |
| 525 Print Buyer(s) Name(s) *[REQUIRED]* | Print Seller(s) Name(s) *[REQUIRED]* |
| 526 | 1933, Pastoral lane, |
| 527 Address *[REQUIRED]* | Address *[REQUIRED]* |
| 528 | Hanover Park, IL-60133. |
| 529 City, State, Zip *[REQUIRED]* | City, State, Zip *[REQUIRED]* |
| 530 vigachicagollc@hotmail.com | 847-668-6733   sytish8373@att.net. |
| 531 Phone   E-mail | Phone   E-mail |

532 **FOR INFORMATION ONLY**

| 533 **Coldwell Banker Re** | 8256 | 477.012445 | **Real People Realty** | | |
|---|---|---|---|---|---|
| 534 Buyer's Brokerage | MLS # | State License # | Seller's Brokerage | MLS # | State License # |
| 535 **4192 IL Route 83,, #F, Long Grove, IL 60047** | | | **9981 W 190th St, Suite H, Mokena, IL 60448** | | |
| 536 Address | City | Zip | Address | City | Zip |
| 537 **Galya Georgieva** | 923321 | 475.131700 | **Ketan Thakkar** | | |
| 538 Buyer's Designated Agent | MLS # | State License # | Seller's Designated Agent | MLS # | State License # |
| 539 | | | 8154697449 | | |
| 540 Phone | | Fax | Phone | | Fax |
| 541 **galya.georgieva.gg@gmail.com** | | | **ketanthakkar@hotmail.com** | | |
| 542 E-mail | | | E-mail | | |
| 543 **MIGDAL & ASSOCIATES**   skokielawoffice@gmail.com | | | | | |
| 544 Buyer's Attorney   E-mail | | | Seller's Attorney | | E-mail |
| 545 **attn Liliana Medina** | | | | | |
| 546 Address | City | State | Zip | Address | City | State | Zip |
| 547 **847.329-8866** | | | | | |
| 548 Phone | | Fax | Phone | | Fax |
| 549 **NA** | | | | | |
| 550 Mortgage Company | | Phone | Homeowner's/Condo Association (if any) | | Phone |
| 551 **NA** | | | | | |
| 552 Loan Officer | | Phone/Fax | Management Co./Other Contact | | Phone |
| 553 **NA** | | | | | |
| 554 Loan Officer E-mail | | | Management Co./Other Contact E-mail | | |

555 **Illinois Real Estate License Law requires all offers be presented in a timely manner; Buyer requests verification that this offer was presented.**
556 Seller rejection: This offer was presented to Seller on _____ at _____
557 at _____ a.m./p.m.  *[SELLER INITIALS]*   at _____ a.m./p.m. and rejected on _____

558 © *2018 Illinois Real Estate Lawyers Association. All rights reserved. Unauthorized duplication or alteration of this form or any portion thereof is prohibited. Official forms available at www.ielalorg*
559 *(website of Illinois Real Estate Lawyers Association). Approved by the following organizations, December 2018: Belvidere Board of REALTORS® • Chicago Association of REALTORS® • Chicago Bar*
560 *Association • DuPage County Bar Association • Heartland REALTOR® Organization • Grundy County Bar Association • Hometown Association of REALTORS® • Illinois Real Estate Lawyers Association •*
561 *Illini Valley Association of REALTORS® • Kane County Bar Association • Kankakee-Iroquois-Ford County Association of REALTORS® • Mainstreet Organization of REALTORS® • McHenry County Bar*
562 *Association • North Shore-Barrington Association of REALTORS® • North Suburban Bar Association • Northwest Suburban Bar Association • Oak Park Area Association of REALTORS® • REALTOR®*
563 *Association of the Fox Valley, Inc. • Three Rivers Association of REALTORS • Will County Bar Association •*

*Address:* **760 West Dempster Street, Unit 208D, Mount Prospect, IL 60056**   *v7.0*
*Page 13 of 13*

FILED DATE: 9/28/2023 2:04 PM   2023L009928

# EXHIBIT E:

# Genuine Email from Paralegal

## Fwd: Dempster

Liliana Medina <skokielawoffice@gmail.com>
Fri 8/18/2023 5:13 PM
To:Allan Migdal <allan@migdallaw.com>

📎 1 attachments (204 KB)
Dempster's wiring instructions.pdf;

MIGDAL & ASSOCIATES, LTD
LILIANA A MEDINA
ALLAN MIGDAL'S PARALEGAL
1200 Shermer Road
Suite 102
Northbrook, IL 60062
Phone (847) 329-8866
Fax (847) 329-7711

NOTICE: The information contained in this message is proprietary and/or confidential and may be
privileged. If you are not the intended recipient of this communication, you are hereby notified to: (i)
delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner;
and (iii) notify the sender immediately.

---------- Forwarded message ---------
From: **Liliana Medina** <skokielawoffice@gmail.com>
Date: Fri, Apr 16, 2021 at 6:30 PM
Subject: Dempster
To: galeto_dc nedialkova <galina_ps@hotmail.com>

Hello Gali,

Please wire $149,750.00. attached wiring instructions.

Thank you,

MIGDAL & ASSOCIATES, LTD
LILIANA A MEDINA
ALLAN MIGDAL'S PARALEGAL
1200 Shermer Road
Suite 102
Northbrook, IL 60062
Phone (847) 329-8866
Fax (847) 329-7711

FILED DATE: 9/28/2023 2:04 PM  2023L009928

NOTICE: The information contained in this message is proprietary and/or confidential and may be privileged. If you are not the intended recipient of this communication, you are hereby notified to: (i) delete the message and all copies; (ii) do not disclose, distribute or use the message in any manner; and (iii) notify the sender immediately.

FILED DATE: 9/28/2023 2:04 PM   2023L009928

FILED DATE: 9/28/2023 2:04 PM   2023L009928

# EXHIBIT F:

# Genuine Wire Instructions from Closing Firm

# INDEPENDENT ESCROW
SERVICES CORP

## WIRE INSTRUCTIONS
### [Effective 8/1/2019]

The Huntington National Bank
7 Easton Oval
Columbus, OH 43219

## ABA#: 044000024

## Account#: 01060138704
Account Name: Independent Escrow Services Corp
Escrow Wire Account

**For International wires**

**SWIFT Code: HUNTUS33**

## Please reference for proper credit:
1. Buyer's Name  VIGA CHICAGO LLC
2. File Reference/Commitment #  16220907
3. Property Address  760 W Dempster St #208, Mount Prospect, IL 60056

**No ACH transfers are accepted.**

303 West Madison • Suite 1300 • Chicago, IL 60606
312.696.5400 • 312.696.5401

FILED DATE: 9/28/2023 2:04 PM   2023L009928

# EXHIBIT G:

# Scam Email/Wire Instructions

FILED DATE: 9/28/2023 2:04 PM 2023L009928

**imitated name of paralegal**

**From:** Liliana Medina <skokielawooffice@gmail.com>
**Sent:** Monday, April 19, 2021 9:39:49 AM
**To:** galina_ps@hotmail.com
<galina_ps@hotmail.com>
**Subject:** Dempster wire

**email address imitated**

Hi Gali,

Attached final amount needs to be wired.

Will be waiting for the wire transfer confirmation slip because I need the funds wired as soon as possible.

Thanks





**Dempster_s wiring instructions**
PDF – 220 KB

FILED DATE: 9/28/2023 2:04 PM 2023L009928

# INDEPENDENT ESCROW

## WIRE INSTRUCTIONS
[Effective 9/1/2019]

Chase Bank
540 East Ohio Street
Pittsburgh, PA 15214

ABA#: 083000137     **Compare Routing # to Ex. H**

Account#: 707301895
Account Name: Independent Escrow Services ASAP Corp
Escrow Wire Account

For international wires

SWIFT Code: HUNTUS33

Please reference for proper credit:
1. Buyer's Name
2. File Reference/Commitment #
3. Property Address

No ACH transfers are accepted.

303 West Madison · Suite 1200 · Chicago, IL 60601
312.096.5490 · 312.096.5101

*Fake wire Instructions*
*Fraud*



FILED DATE: 9/28/2023 2:04 PM    2023L009928

# EXHIBIT H:

# Fedwire Report, Routing #083000137

 THE **FEDERAL RESERVE** *FRBservices.org®* (https://www.frbservices.org/)

FILED DATE: 9/28/2023 2:04 PM   2023L009928

# Fedwire® Participant Details

## Name, Location and Routing Information

**Bank Name:** JPMORGAN CHASE BANK, NA
**Location:** COLUMBUS, OH
**Routing Number:** 0830-0013-7
**Telegraphic Name:** JPMCHASE KENTUCKY
**Revised:** November 7, 2014
**Book-Entry Securities:** Ineligible
**Funds:** Eligible

Back To Results    New search (searchFedwire.html)   Revise search (reviseFedwireSearch.html)

The effective date of this Fedwire directory is August 04, 2023.