**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| GN PRO GROUP, LLC, an Illinois Limited Liability Company and GALINA NEDIALKOVA, its sole Member/Manager;<br><br>Plaintiffs,<br><br>v.<br><br>WELL DONE ASAP, LLC, a Pennsylvania Limited Liability Company; JOHN DOE(S), an unidentified individual(s); and JPMORGAN CHASE BANK, N.A., a national association;<br><br>Defendants. | Case No. 23-cv-16711<br><br>Hon. Andrea R. Wood<br><br>Magistrate Judge Sunil R. Harjani |

**DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT**

## INTRODUCTION

Plaintiffs' Response Brief to JPMorgan Chase Bank, N.A.'s Motion to Dismiss (the "Response") fails to advance a coherent rejoinder to any of the arguments in Chase's Motion to Dismiss. Instead, the Response makes various normative statements about what duties Chase ***should have had*** or what Chase ***could have or should have done*** to "catch" "flag" "detect" or otherwise alert Plaintiffs that their wire payment order did not contain a matching beneficiary name and account number. But, as Chase's Motion to Dismiss and accompanying Memorandum of Law in Support establishes, the well-settled law governing funds transfers does not obligate Chase, as either the originating bank or the beneficiary's bank, to ever investigate or determine whether the name listed on Plaintiffs' payment order matches the name associated with the account number specified on the payment order. Viewing Plaintiffs' response through this lens, it is quickly apparent that the First Amended Complaint ("FAC") cannot withstand Chase's Rule 12(b)(6)

challenge because Plaintiffs cannot state a claim for relief based on the governing law and the facts that Plaintiffs themselves admit as undisputed in their FAC. Plaintiffs' Response entirely ignores the plain and clear language of the Illinois UCC statute, the accompanying commentary, and the case law interpreting Article 4A both within and outside the State of Illinois.

## ARGUMENT

### A. Chase Had No Duty to Determine Whether the Beneficiary Name and Account Number Matched on Plaintiffs' Wire Payment Order

Plaintiffs first argue in their Response that Chase was both the originating bank and the beneficiary bank with respect to the $149,850.29 wire payment order at issue in this dispute, and as a consequence of wearing two proverbial hats, should have caught and flagged Plaintiffs' allegation that the beneficiary's name in Plaintiffs' payment order did not match the name on the account number identified in Plaintiffs' payment order. The UCC does not require an originating bank, as the party executing the originator's payment order, to identify whether the name and account number that the funds match. The UCC is similarly clear with respect to a beneficiary's bank. Under the UCC there is no affirmative duty placed upon a beneficiary's bank to "catch and flag" the fact that the beneficiary's name and account did not match. Indeed, Section 4A-207(b)(1) makes clear that "[t]he beneficiary's bank ***need not determine*** whether the name and number refer to the same person." 810 ILCS 5/4A-207(b)(1) (emphasis added).

Moreover, in the UCC's official commentary (which has been adopted by the Illinois legislature), the drafters of Article 4A have made it clear why such a duty is not placed on banks:

> ***A very large percentage of payment orders issued to the beneficiary's bank by another bank are processed by automated means using machines capable of reading orders on standard formats that identify the beneficiary by an identifying number or the number of a bank account.*** The processing of the order by the beneficiary's bank and the crediting of the beneficiary's account are done by use of the identifying or bank account number without human reading of the payment order itself. The process is comparable to that used in automated payment of checks.

> The standard format, however, may also allow the inclusion of the name of the beneficiary and other information which can be useful to the beneficiary's bank and the beneficiary but which plays no part in the process of payment. If the beneficiary's bank has both the account number and name of the beneficiary supplied by the originator of the funds transfer, it is possible for the beneficiary's bank to determine whether the name and number refer to the same person, but ***if a duty to make that determination is imposed on the beneficiary's bank the benefits of automated payment are lost.*** Manual handling of payment orders is both expensive and subject to human error. If payment orders can be handled on an automated basis there are substantial economies of operation and the possibility of clerical error is reduced. ***Subsection (b) allows banks to utilize automated processing by allowing banks to act on the basis of the number without regard to the name if the bank does not know that the name and number refer to different persons.***

*See* 810 ILCS 5/4A-207, cmt. #2 (emphasis added). As such, any and every one of Plaintiffs' claims in their Response that Chase breached a presumed "duty" of detecting a mismatch fails as a matter of law and confirms that dismissal of Plaintiffs' claims with prejudice is warranted, as no amendment could cure this deficiency.

### B. Plaintiffs' UCC Section 4A-207 Claim Must Be Dismissed

Next, Plaintiffs contend in their Response that because Chase was both the originating bank and the beneficiary's bank, that Plaintiffs' Section 4A-207 must survive dismissal. Yet again, Plaintiffs fail to articulate a substantive reason for this position.

#### 1. Plaintiffs' FAC Fails to State a Claim for Relief

As an initial matter, Plaintiffs misunderstand how and when Section 4A-207(a) applies and the official comments provide much needed clarity on the issue. Plaintiffs' Response suggests that Chase should have "protected [Plaintiffs'] funds from fraud and mistake" because it did not have sufficient security procedures. This is incorrect.

The official comment #1 to Section 4A-207 states the following:

> Subsection (a) deals with the problem of payment orders issued to the beneficiary's bank for payment to nonexistent or unidentifiable persons or accounts. Since it is not possible in that case for the funds transfer to be completed, subsection (a) states

> that the order cannot be accepted. Under Section 4A-402(c), a sender of a payment order is not obliged to pay its order unless the beneficiary's bank accepts a payment order instructing payment to the beneficiary of that sender's order. Thus, if the beneficiary of a funds transfer is nonexistent or unidentifiable, each sender in the funds transfer that has paid its payment order is entitled to get its money back.

810 ILCS 5/4A-207, cmt. #1. Here, the payment order did not refer to a "nonexistent or unidentifiable persons or accounts." To the contrary, Plaintiffs' payment order instruction identified a specific account number (the account ending in -1895) that was both identifiable and in existence. As such, Plaintiff could not ever prevail on a Section 4A-207(a) claim based on these facts. *See AG4 Holding, LLC v. Regency Title & Escrow Servs.*, 98 Va. Cir. 89 (2018) (dismissing UCC Section 4A-207(a) claim where defendant Wells Fargo relied on the account number contained in the Plaintiffs' payment order).

Like Plaintiffs' Section 4A-207(a) claim against Chase, its Section 4A-207(b) claim fails. Section 4A-207(b) states that various rules apply "if a payment order received by the beneficiary's bank identifies the beneficiary both by name and by an identifying or bank account number and the name and number identify different persons[.]" Among those rules, Section 4A-207(b)(1) states that "if the beneficiary's bank does not know that the name and number refer to different persons" the beneficiary bank "may rely on the number as the proper identification of the beneficiary of the order. The beneficiary's bank need not determine whether the name and number refer to the same person." 810 ILCS 5/4A-207(b)(1). Section 4A-207(b)(2) states that "if the beneficiary's bank pays the person identified by name or knows that the name and number identify different persons, no person has rights as beneficiary expect the person paid by the beneficiary's bank if that person was entitled to receive payment from the originator of the funds transfer. If no person has rights as beneficiary, acceptance of the order cannot occur." 810 ILCS 5/4A-207(b)(2).

Here, dismissal is proper because the FAC is devoid of any allegation that Chase, as the beneficiary's bank, had actual knowledge that the name and number referred to different persons. Under well-settled law, Plaintiffs cannot recover on this basis. *Kent Grp. Partners, LLC v. Citizens Bank, N.A.*, No. 23-2743, 2024 U.S. App. LEXIS 5537, at *3 (6th Cir. March 5, 2024) (affirming dismissal of UCC Section 4A-207 claim that failed to allege any facts supporting actual knowledge of a discrepancy and rejecting "knew or should have known" allegations as legally insufficient); *Skin Studio Day Spa, LLC v. Wells Fargo Bank, NA*, 3:23-cv-2111-SAL, 2024 U.S. Dist. LEXIS 25372, at **7-8 (D.S.C. Jan. 9, 2024) (dismissing Section 4A-207 claim against JPMorgan Chase Bank where plaintiff failed to "sufficiently allege that Chase possessed 'actual knowledge' of the alleged discrepancy.").

**2. Notwithstanding Plaintiffs' Failure to State a Claim, the Undisputed Evidence Confirms That Plaintiffs Had Proof of Notice Pursuant to 810 ILCS 5/4A-207(c)**

But, even if the Court were to conclude that Plaintiffs' pleading deficiency is not case dispositive (it should be), dismissal of Plaintiffs' Section 4A-207 claim is warranted because of Section 4A-207(c). Under that provision of the Illinois UCC, if Chase can prove that Plaintiffs, before they issued their payment order to Chase, "had notice that payment of a payment order issued by the originator might be made by the beneficiary's bank on the basis of an identifying or bank account number event [sic] if it identifies a person different from the named beneficiary" then Plaintiffs, as the originator, are obliged to pay its order. 810 ILCS 5/4A-207(c)(2). "Proof of notice may be made by any admissible evidence." *Id*. Here, there is no question that Plaintiffs had proof of notice. The FAC admits that Ms. Nedialkova "filled out a JPMC 'Wire Transfer Outgoing Request Form' on April 19, 2021." (FAC ¶ 43). And that Form, which Ms. Nedialkova admits that she "filled out" (*id.*), provides the very proof of notice that obviates Plaintiffs' Section 4A-207

claim against Chase. (Dkt. No. 17, Ex. 1, Manczko Decl. at ¶ 4, Ex. A). Plaintiffs' Response attempts to challenge Chase's argument by pointing out that Chase is both the originating bank and the beneficiary bank; however, yet again, there is no explanation for why this in any way obviates the plan and clear language of Section 4A-207(c).

### C. Plaintiffs' UCC Section 4A-205 Claim Must Be Dismissed

Next, Plaintiffs attempt to preserve their Section 4A-205 claim against Chase by perplexingly arguing that Chase "neglect[ed] its positive duty pursuant to the UCC" to "identify the correct beneficiary prior to disbursing funds." (Response, p. 4). Again, Plaintiffs improperly conflate what "abilities" Chase had to verify the name of the accountholder of the recipient with whether Chase was "obligated" to employ those abilities when it executed Plaintiffs' wire payment order. The answer is a resounding no: no such duty to "verify" or confirm, or investigate, or check, exists under Section 4A-205 or any corollary. *Harrington v. PNC Bank, N.A.*, 2023 U.S. Dist. LEXIS 130111, at *5 (E.D. Mich. July 27, 2023) (interpreting Article 4A of Michigan's UCC and confirming that "[w]hen a payment order includes the account name and account number, ***banks have no duty to check if the account name and number match***; they are free to rely on the account number alone to process the transfer.") (emphasis added).

To advance a Section 4A-205 claim, the plaintiff must first establish that an accepted payment order was transmitted "pursuant to a security procedure for the detection of error." 810 ILCS 5/4A-205(a). Here, the FAC admits that Plaintiffs' transaction was authorized and conducted in person, and there is no mention of any agreement between Chase and Plaintiffs establishing a procedure for detecting error. (*See generally*, FAC). In their Response, Plaintiffs cite two cases to support the proposition that whether a commercial security procedure is commercially reasonable is a question of law, while the question of whether the parties complied with a security procedure

is a question of fact. (Response at p. 5). However, these cases have no bearing on whether Plaintiffs' FAC survives Chase's Motion to Dismiss because, here, Plaintiffs have not even successfully alleged that the parties agreed to a specific security procedure for the detection of errors.

As the official comments to the Section 4A-205(a) makes clear, the lack of such an agreement is fatal to any Section 4A-205 claim. 810 ILCS 5/4A-205, cmt. #1 ("Section 4A-205 does not apply if the receiving bank and the customer did not agree to the establishment of a procedure for detecting error."); *see also Sherlock Investments-Duvall LLC v. Intercoastal Auto Brokers & Logistics, LLC*, 2:20-cv-00129-RAJ-BAT, 2020 U.S. Dist. LEXIS 149014, at * (W.D. Wash. April 7, 2020) (granting motion to dismiss and holding that "[plaintiff] makes no allegation that it and [defendant bank] ever agreed to any specific security procedure and therefore, Section 4A-205 does not apply."). Indeed, this is further confirmed and supported by the Wire Transfer Outgoing Request Form that Ms. Nedialkova admittedly completed (and the Response again acknowledges) which contained terms that expressly disclaimed the existence of security procedures for the detection of error. (Dkt. No. 17, Ex. 1, Manczko Decl. at Ex. A, p. 2; Response at p. 2). As such, Plaintiffs cannot plausibly state a claim for relief, and dismissal with prejudice is warranted, as no amendment can cure the FAC's deficiencies on this issue.

## CONCLUSION

Plaintiffs' Response raises numerous grievances about what Plaintiffs believe Chase could or should have done when Plaintiffs issued their wire payment order to Chase and instructed Chase to pay an account ending in -1895. However, Chase was under no obligation to investigate or otherwise confirm whether the account name that Plaintiffs wrote on the Wire Transfer Form matched the name associated with the account number Plaintiffs wrote on the Wire Transfer Form.

To conclude otherwise would run afoul of the clear and well-settled rules governing funds transfers by way of Article 4A of the UCC. As such, for the reasons above and set forth in Chase's Memorandum (Dkt. No. 17), Plaintiffs' various allegations do not and cannot give rise to any actionable claims under Illinois law, and this Court should dismiss all of Plaintiffs' claims against Chase with prejudice.

Dated: June 3, 2024

Respectfully submitted,

*/s/ Christopher A. Mair*

Paul J. Ferak
Christopher A. Mair
Blake Altman
**GREENBERG TRAURIG, LLP**
77 W. Wacker Drive, Suite 3100
Chicago, Illinois 60601
Tel: (312) 456-8400
Email: ferakp@gtlaw.com
Email: mairc@gtlaw.com
Email: blake.altman@gtlaw.com

*Attorneys for Defendant*
*JPMorgan Chase Bank, N.A.*

## CERTIFICATE OF SERVICE

The undersigned, an attorney, hereby certifies that on June 3, 2024, I caused the foregoing **DEFENDANT JPMORGAN CHASE BANK, N.A.'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFFS' FIRST AMENDED COMPLAINT** to be electronically filed with the Clerk of Court using the CM/ECF system which will send notification of such filing to all registered parties.

*/s/ Christopher A. Mair*