IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| GN PRO GROUP, LLC, et al., | ) |
| Plaintiffs, | ) |
| v. | ) No. 23-cv-16711 |
| | ) Judge Andrea R. Wood |
| WELL DONE ASAP, LLC, et al., | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Plaintiff Galina Nedialkova is the sole member and manager of Plaintiff GN Pro Group, LLC ("GN Pro"), a company that acquires and invests in real estate. In the course of closing a real estate transaction, Plaintiffs received an email purportedly from their law firm instructing them to wire the closing funds to a specific account number. Unbeknownst to Plaintiffs, the email was sent by an imposter, and Plaintiffs proceeded to wire approximately $150,000 to the imposter's account. After discovering that they had been defrauded, Plaintiffs brought this lawsuit against the holder of the account that received their funds, Defendant Well Done ASAP, LLC, as well as the bank that completed the transaction, Defendant JPMorgan Chase Bank, N.A. ("Chase"). Now, Chase moves to dismiss the claims against it pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 16.) For the reasons that follow, Chase's motion is granted.

### BACKGROUND

For the purposes of the motion to dismiss, the Court accepts as true all well-pleaded facts in the Amended Complaint and views those facts in the light most favorable to Plaintiffs as the

non-moving parties. *Killingsworth v. HSBC Bank Nev., N.A.*, 507 F.3d 614, 618 (7th Cir. 2007). The Amended Complaint alleges as follows.

Galina Nedialkova, a real estate investor, is the sole member and manager of GN Pro, as well as a co-member and manager of Viga Chicago LLC ("Viga"). (Am. Compl. ¶¶ 1, 9–10, Dkt. No. 12.) Both GN Pro and Viga are in the business of investing and acquiring real estate. (*Id.* ¶¶ 9–10.) In April 2019, Viga contracted to purchase a condominium unit in Mount Prospect, Illinois, for $149,850.29 in cash. (*Id.* ¶ 11.) In connection with the closing, Nedialkova retained the real estate law firm Migdal & Associates, Ltd. ("Firm"). (*Id.* ¶ 12.)

On April 17, 2019, a paralegal from the Firm emailed Nedialkova wire instructions for closing Viga's real estate purchase via the Firm's email address, skokielawoffice@gmail.com. (*Id.* ¶¶ 12–13.) The email directed Nedialkova to wire the funds to "Independent Escrow Services" at an account number ending in 0024. (*Id.* ¶ 13.) Then, on the scheduled day of the closing, April 19, 2019, Nedialkova received what appeared to be an email from the Firm. (*Id.* ¶¶ 13–14.) The email came from skokielawooffice@gmail.com, an address close to the Firm's true address but containing an extra "o" before "office." (*Id.* ¶ 14.) That fake email purported to provide Nedialkova with corrected wire instructions—specifically, the email directed Nedialkova to transfer the funds to the same recipient as before but provided a new account number ending in 1895. (*Id.*)

Believing the fraudulent email to be authentic, Nedialkova met with a banker at Chase's Mount Prospect branch and instructed the banker to wire $149,850.29 from GN Pro's Chase account to the 1895 account, with Independent Escrow Services listed as the recipient. (*Id.* ¶ 16.) Two days later, after the escrow company reported that it had not received the transfer, Nedialkova learned that her wire transfer had gone to an account associated with Well Done

ASAP, LLC, an entity with which Plaintiffs had no prior association. (*Id.* ¶ 17.) By the time Nedialkova realized her mistake, about $100,000 had already been withdrawn from the 1895 account. (*Id.* ¶ 18.) The remaining $49,850.29 is still in the 1895 account, although Chase has frozen that sum pending a court order for its release. (*Id.* ¶¶ 19–20.)

In Plaintiffs' Amended Complaint, they assert fraud claims against Well Done ASAP, LLC, as well as unidentified John Doe Defendants who perpetrated the fraud. To date, Well Done ASAP, LLC has not appeared in this action, and the John Does remain unidentified. However, Chase is also named as a Defendant and has appeared. Counts III and IV of the Amended Complaint assert claims against Chase pursuant to the Uniform Commercial Code ("UCC"), as adopted in Illinois, due to Chase's purported failure to detect and protect Plaintiffs against the fraud.

## DISCUSSION

To survive a Rule 12(b)(6) motion, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This pleading standard does not necessarily require a complaint to contain detailed factual allegations. *Twombly*, 550 U.S. at 555. Rather, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Adams v. City of Indianapolis*, 742 F.3d 720, 728 (7th Cir. 2014) (quoting *Iqbal*, 556 U.S. at 678). With its motion, Chase denies that the UCC makes it liable for following Plaintiffs' express wire transfer instructions and therefore moves to dismiss both claims against it.

I.   **UCC Section 4A-207**

Count III of the Amended Complaint alleges that UCC section 4A-207 makes Chase responsible for failing to detect that the 1895 account was not held in the name of Plaintiffs' listed recipient, and therefore Chase must reimburse Plaintiffs for the full amount of the wire transfer. As codified in Illinois, UCC section 4A-207 provides, in relevant part:

> (b) If a payment order received by the beneficiary's bank identifies the beneficiary both by name and by an identifying or bank account number and the name and number identify different persons, the following rules apply:
>
> (1) Except as provided in subsection (c), if the beneficiary's bank does not know that the name and number refer to different persons, it may rely on the number as the proper identification of the beneficiary of the order. The beneficiary's bank need not determine whether the name and number refer to the same person.
>
> (2) If the beneficiary's bank pays the person identified by name or knows that the name and number identify different persons, no person has rights as beneficiary except the person paid by the beneficiary's bank if that person was entitled to receive payment from the originator of the funds transfer. If no person has rights as beneficiary, acceptance of the order cannot occur.
>
> (c) If (i) a payment order described in subsection (b) is accepted, (ii) the originator's payment order described the beneficiary inconsistently by name and number, and (iii) the beneficiary's bank pays the person identified by number as permitted by subsection (b)(1), the following rules apply:
>
> (1) If the originator is a bank, the originator is obligated to pay its order.
>
> (2) If the originator is not a bank and proves that the person identified by number was not entitled to receive payment from the originator, the originator is not obliged to pay its order unless the originator's bank proves that the originator, before acceptance of the originator's order, had notice that payment of a payment order issued by the originator might be made by the beneficiary's bank on the basis of an identifying or bank account number event [*sic*] if it identifies a person different from the named beneficiary. Proof of notice may be made by any admissible evidence. The originator's bank satisfies the burden of proof if it proves that the originator, before the payment order was accepted, signed a record stating the information to which the notice relates.

810 ILCS 5/4A-207. Plaintiffs are indisputably not banks, and therefore they argue that subsection 4A-207(c)(2) relieves them of any obligation to pay the wire transfer given the

inconsistency between the transfer's listed recipient, Independent Escrow Services, and the name of the 1895 account's holder, Well Done ASAP, LLC.

According to Chase, it is not liable to reimburse Plaintiffs pursuant to subsection 4A-207(c)(2) because it gave them adequate notice that the beneficiary bank would fulfill a wire transfer even if the account number identified someone other than the named beneficiary. As proof of notice, Chase points to the Wire Transfer Outgoing Request form that Nedialkova completed before making the transfer. Plaintiffs attach the first page of that form as an exhibit to the Amended Complaint (Am. Compl., Ex. F, Dkt. No. 12-1), and Chase introduces the complete form in connection with its motion to dismiss. *See* Fed. R. Civ. P. 10(c) ("A copy of a written instrument that is an exhibit to a pleading is part of the pleading for all purposes."); *see also Brownmark Films, LLC v. Comedy Partners*, 682 F.3d 687, 690 (7th Cir. 2012) ("[T]he incorporation-by-reference doctrine provides that if a plaintiff mentions a document in his complaint, the defendant may then submit the document to the court without converting defendant's 12(b)(6) motion to a motion for summary judgment."). That form contains the terms and provisions of the wire transfer agreement, one of which provides:

> **Identifying Number.**
> We or any other bank involved in the wire transfer will complete your wire transfer request using the account number or bank identification number you provide, even if the numbers do not match the recipient's or bank's name. ***If you provided us an incorrect account number for the recipient or an incorrect routing or identification number for the recipient's bank, you could lose the amount of the transfer.***

(Chase's Mem. in Supp. of Mot. to Dismiss, Ex. 1, Wire Transfer Agreement § 4, Dkt. No. 17-1.)

The Court agrees that Chase's notice suffices for purposes of subsection 4A-207(c)(2). While few cases interpret that particular UCC subsection, the courts that have considered the

5

provision generally understand "section 4A-207(c) as requiring notice that the **beneficiary's** bank might pay based on the account number alone." *Elkin Valley Baptist Church v. PNC Bank, N.A.*, No. 23-1798, 2024 WL 4150083, at *32 (W.D. Pa. Sept. 10, 2024). Here, such notice was provided given that Chase's notice speaks of both itself "or any other bank involved in the wire transfer" completing the transfer. Having given Plaintiffs notice that their wire transfer would be completed by the beneficiary's bank, notwithstanding any mismatch between the named beneficiary and the name on the recipient 1895 account, Chase was not liable to Plaintiffs for the mistakenly transferred funds under subsection 4A-207(c)(2).

Alternatively, Plaintiffs assert that because the 1895 account was also a Chase bank account, Chase is liable under subsection 4A-207(b) as the beneficiary bank. But a beneficiary bank is only liable under subsection 4A-207(b)(2) "if it has actual knowledge of the mismatch." *Sunset Cmty. Health Ctr., Inc. v. Cap. One Fin. Corp.*, 652 F. Supp. 3d 1020, 1027 (D. Minn. 2023). And actual knowledge is not established simply from the fact of the mismatch. *See Langston & Langston, PLLC v. SunTrust Bank*, 480 F. Supp. 3d 737, 744 (S.D. Miss. 2020) ("Data stored in a computer system does not constitute actual knowledge, even if inspection of the data would have revealed a misdescription."). As the UCC commentary makes clear, "[s]ubsection (b) allows banks to utilize automated processing by allowing banks to act on the basis of the number without regard to the name if the bank does not know that the name and number refer to different persons." 810 ILCS 5/4A-207 cmt. 2. For that reason, the beneficiary's bank "has no duty to determine whether there is a conflict" because if such a duty were imposed "the benefits of automated payment are lost." *Id.* Accordingly, district courts frequently reject subsection 4A-207(b)(2) claims where the plaintiff does not allege any facts supporting the beneficiary bank's actual knowledge of a mismatch. *E.g.*, *Skin Studio Day Spa, LLC v. Wells*

6

*Fargo Bank, NA*, 711 F. Supp. 3d 593, 598 (D.S.C. 2024). Likewise, here, the Amended Complaint contains no non-conclusory factual allegations tending to show that Chase actually knew Plaintiffs' transfer was sent to an account number that did not match with the listed beneficiary. Thus, because Plaintiffs fail to plead a viable claim under UCC section 4A-207, Count III is dismissed.

## II. UCC Section 5/4A-205

In Count IV, the Amended Complaint asserts a claim against Chase under UCC section 4A-205. In Illinois, subsection (a) of that provision of the UCC states, in relevant part:

> If an accepted payment order was transmitted pursuant to a security procedure for the detection of error and the payment order . . . erroneously instructed payment to a beneficiary not intended by the sender . . . then the following rules apply:
>
> (1) If the sender proves that the sender . . . complied with the security procedure and that the error would have been detected if the receiving bank had also complied, the sender is not obliged to pay the order to the extent stated in paragraphs (2) and (3).
>
> (2) If the funds transfer is completed on the basis of an erroneous payment order . . . the sender is not obliged to pay the order and the receiving bank is entitled to recover from the beneficiary any amount paid to the beneficiary to the extent allowed by the law governing mistake and restitution.

810 ILCS 5/4A-205(a). For purposes of subsection 4A-205(a), the term "security procedure" refers to a procedure "established by agreement of a customer and a receiving bank for the purpose of (i) verifying that a payment order or communication amending or cancelling a payment order is that of the customer, or (ii) detecting error in the transmission or the content of the payment order or communication." 810 ILCS 5/4A-201. Further, the commentary to the UCC emphasizes that "the definition of security procedure limits the term to a procedure 'established by agreement of a customer and a receiving bank.' The term does not apply to procedures that the receiving bank may follow unilaterally in processing payment orders." *Skyline Int'l Dev. v. Citibank, F.S.B.*, 706 N.E.2d 942, 945 (Ill. App. Ct. 1998) (quoting 810 ILCS 5/4A-201 cmt.).

7

Plaintiffs' claim based on subsection 4A-205(a) fails because the Amended Complaint does not allege that Plaintiffs and Chase agreed on any security procedure in connection with the wire transfer. Rather, the Amended Complaint simply alleges that Chase "maintained a security procedure for the detection of error in the processing of wire transfers as receiving bank." (Am. Compl. ¶ 52.) But again, Chase's potential violation of its "internal procedure was not a violation of a security procedure" for purposes of subsection 5/4A-205(a). *Skyline Int'l*, 706 N.E.2d at 945. Count IV is therefore dismissed.

## CONCLUSION

For the foregoing reasons, Chase's motion to dismiss (Dkt. No. 16) is granted. Counts III and IV of the Amended Complaint are dismissed.

ENTERED:

Dated: January 29, 2025

_____
Andrea R. Wood
United States District Judge